IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 4:21-cr-56 |
| ) | |
| LADRALE ANTONIO PUTNEY, ) | |
| ) | |
| Defendant. ) | |

**EMERGENCY MOTION TO WITHDRAW AS COUNSEL**

Defendant's counsel, Lindsay J. McCaslin, Assistant Federal Public Defender, moves this honorable Court for leave to withdraw as Mr. Putney's counsel in the above-captioned case. In support of this motion, counsel submits the following memorandum.

**PROCEDURAL HISTORY**

On September 2, 2021, Ladrale Putney was charged by indictment with four counts: Count One is possession with the intent to distribute heroin and fentanyl, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C); Count Two is possession with the intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C); Count Three is possession of a firearm in furtherance of drug trafficking, in violation 18 U.S.C. § 924(c), which carries a mandatory 25-year sentence based on a prior conviction; and Count Four is felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). ECF No. 1.

On March 13, 2023, the Court held Mr. Putney's initial appearance and appointed the Office of the Federal Public Defender to represent him. ECF No. 12. On March 16, 2023, Mr. Putney waived his detention hearing, pled not guilty, and asked for trial by jury. A deadline for pretrial motions was set for three weeks.

On April 6, 2023, undersigned counsel timely filed a motion to suppress, to which the government later responded and defense counsel replied. ECF Nos. 19, 20, 21. The Court scheduled a suppression hearing for June 1, 2023, at 1:30 p.m. before District Judge Elizabeth Hanes.

## STATEMENT OF FACTS

Since being appointed in March 2023, defense has counsel met with Mr. Putney at Western Tidewater Regional Jail numerous times, including on May 15, 2023; May 25, 2023; and May 31, 2023. While there was some conflict in April, it was on May 15, 2023, that the conflict became very apparent. Of course, disagreements and minor conflict are expected in high-stress situations such as those that defendants face in federal court, and counsel and Mr. Putney continued trying to work together. On May 25, 2023, the conflict noticeably escalated, and defense counsel and Mr. Putney appeared to be at an impasse, but both still tried to move forward with the case.

Meanwhile, ongoing discussions between the government and defense counsel culminated in defense counsel receiving additional information on the evening of May 30, 2023. This prompted an attorney visit to Mr. Putney on May 31, 2023. During that meeting, defense counsel and Mr. Putney discussed the very recent information that developed the evening before, as well as discussions of prior topics. Despite efforts by both individuals, the attorney-client relationship completely broke down and Mr. Putney communicated his wishes to terminate the relationship.

Based on these interactions, it is counsel's understanding that Mr. Putney no longer has confidence in counsel's ability or desire to adequately represent him. It appears to counsel that the relationship of trust and confidence between Mr. Putney and counsel, which is essential for the effective assistance of counsel at motions hearings and at trial, has irreparably broken down. Mr. Putney informed counsel of his desire to terminate the attorney-client relationship. He indicated that he hopes to have other counsel appointed.

## LAW AND ARGUMENT

Counsel has determined that this motion is appropriate to file pursuant to the Sixth Amendment and Rule 1.16 of the Virginia Rules of Professional Conduct. The Sixth Amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right… to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel of choice, like the right to self-representation, is premised on respect for the individual." *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994) (citing *Wilson v. Mintzes*, 761 F.2d 275, 286 (6th Cir. 1985)). Nevertheless, "a defendant does not have an absolute right to substitution of counsel." *Id.* There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: (1) the timeliness of the motion; (2) adequacy of the Court's inquiry of the defendant's complaint; and (3) whether the attorney-client conflict is so great as to prevent an adequate defense. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

In addition to the three factors, it is helpful to examine cases where a district court denied substitution of counsel and that decision was upheld by a circuit court. In *Mullen*, the Fourth Circuit cited examples of cases in which defendants attempted to manipulate or abused the right to counsel:

> The cases cited by the government are representative of the typical case when substitution of counsel is denied. *E.g.*, *Hanley*, *supra* (defendant, who had already received three continuances and four appointed lawyers, tried to force his fourth lawyer to quit one week before trial); *Gallop*, *supra* (five days before trial defendant sought to replace his second appointed lawyer); *United States v. Harris*, 2 F.3d 1452 (7th Cir.) (defendant, who was on his third appointed lawyer and fourth overall, discharged his fourth lawyer on the morning of trial; court held that defendant was not denied his right to counsel by having to proceed *pro se*), *cert. denied*, 510 U.S. 982… *United States v. Pina*, 844 F.2d 1 (1st Cir. 1988) (on sixteenth day of trial, *pro se* defendant sought an appointed lawyer, but he would not accept one from the federal public defender's office); *United States v. Hillsberg*, 812 F.2d 328 (7th Cir.) (defendant moved for a substitution at the beginning of the trial), *cert denied*, 481 U.S. 1041…*United States v. Moore*, 706 F.2d 538 (5th Cir.) (defendant, who was on his fourth appointed lawyer, moved four days before trial for a new appointed lawyer), *cert. denied*, 464 U.S. 859… *United States v. Davis*, 604 F.2d 474 (7th Cir. 1979)(on the morning of trial, defendant, who had gone through one privately retained

>lawyer and three appointed lawyers, dismissed his lawyer and asked for the appointment of one particular lawyer).

32 F.3d at fn. 3.

In the present case, defense counsel recognizes that this motion comes the evening before the suppression hearing. Still, numerous factors support Mr. Putney's request. <u>First</u>, Mr. Putney has never requested other counsel or a continuance in this matter, which is a significant fact based on the caselaw cited above. <u>Second</u>, Mr. Putney's case is still a long way from trial, which will allow new counsel time to review the case and decide whether to adopt the suppression motion already filed. <u>Third</u>, since his request is not on the eve of a jury trial, which tend to last multiple days and require substantial preparation, much more so than a suppression hearing. Also, an entire panel of potential jurors is not inconvenienced by being subpoenaed to Court needlessly.

<u>Fourth</u>, this request will not affect Mr. Putney's right to a speedy trial. When defense counsel filed the motion to suppress, the speedy-trial clock was tolled. 18 U.S.C. § 3161(h)(1)(D) (excluding from speedy-trial calculations any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion"). Similarly, the speedy-trial clock can be tolled for "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel… if the judge granted such continuance on the basis of [her] findings that the ends of justice served by such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Given Mr. Putney's Sixth Amendment right to counsel, the ends of justice are served by allowing the suppression hearing and a trial to be continued. *Fifth*, defense counsel notified the government and the Court as soon as practicable after confirming his intention to secure new counsel.

With the breakdown of the attorney-client relationship, defense counsel and Mr. Putney are not able to adequately prepare for the suppression hearing or a future trial. Additionally, it is

4

apparent that Mr. Putney no longer trusts counsel's advice or plans moving forward, which affects counsel's ability to be effective.

## CONCLUSION

Mr. Putney is in custody and there have been no previous requests for new counsel. Defense counsel contacted Assistant United States Attorney, Peter Osyf, for the government's position on this motion. Since the government is not aware of the nature of the conflict, it asks the Court to conduct an inquiry of the defendant and defense counsel prior to ruling, pursuant to *Mullen*. Defense counsel requests that the Court exercise its discretion and grant this motion, ordering the withdrawal of counsel and the Office of the Federal Public Defender.

Respectfully submitted,

LADRALE ANTONIO PUTNEY

By: _____/s/_____
Lindsay McCaslin
VSB # 78800
Assistant Federal Public Defenders
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
(757) 457-0800 (phone)
(757) 457-0880 (telefax)
lindsay_mccaslin@fd.org